IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | MJ 20-18-BLG-TJC |
|---|---|
| Plaintiff, | |
| | ORDER |
| vs. | |
| MALIYAH JAE CHAVEZ, | |
| Defendant. | |

Pending before the Court is Defendant Maliyah Jae Chavez's request to the Court to reconsider its order extending the government's deadline to obtain an indictment.

Chavez was arrested on February 25, 2020. On March 16, the Chief Judge for the District of Montana issued an administrative order vacating all grand jury proceedings until May 1, 2020, due to COVID-19. On March 19, the government filed a motion to extend the deadline to obtain an indictment. On March 20, the Court granted the government's motion, citing two provisions of the Speedy Trial Act. First, the Court cited the provision which provides the government an automatic 30-day extension when no grand jury has been convened in the district in the 30-day period since the defendant's arrest. Second, the Court cited the

1

provision which provides the government an extension when the Court finds the interests of justice outweigh the public's and the defendant's interest in a speedy trial.

Chavez argues the Court's first justification is inapplicable because a grand jury was convened on March 4 in the Great Falls division. In its brief to extend the deadline, the government asserted the administrative order "resulted in the cancellation of the March grand jury proceedings this case would have been presented at . . . ." That statement, and the government's later citation to the automatic 30-day extension provision, led the Court to believe the automatic 30-day provision was applicable because no grand jury had been or would be convened in the 30-day period since Chavez's arrest. It's apparent the Court's interpretation of the government's brief was erroneous, and that the government was referring to a late March scheduled grand jury rather than contending no grand jury had taken place since Chavez's arrest. In fairness to the government, it did not actually assert the automatic 30-day provision was triggered.

Nonetheless, Chavez does not address the Court's second justification. The Court still finds the ends of justice are promoted by extending the deadline. In early March, it was nearly impossible for the government to predict the suspension of all grand jury proceedings. This is not an issue of gamesmanship or

2

incompetence on the part of the government, it's a novel situation which continues to develop. The government was entitled to assume the later March grand jury would convene as scheduled until told otherwise. Chavez's request to reconsider is therefore denied because the Court's second justification—the interests of justice—still stands.

DATED this 24th day of March, 2020.

SUSAN P. WATTERS
United States District Judge